UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **SACV 16-1677-JGB (KKx)** | Date | February 28, 2017 |
| Title | *Stevanus Edward v. President Obama, et al.* | | |

Present: The Honorable  JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING the Motion to Dismiss by Baptist Hospital (Dkt. No. 62); (2) GRANTING the Motion to Dismiss by Huntington Memorial Hospital (Dkt. No. 65); (3) GRANTING the Motion to Dismiss by Jamba Juice Company (Dkt. No. 76); (4) GRANTING the Motion to Dismiss by LWP Claim Solutions (Dkt. No. 91); (5) GRANTING the Motion to Dismiss by Ropers, Majeski, Kohn, & Bentley (Dkt. No. 92); (6) GRANTING the Motion to Dismiss by United States Fire Insurance Company (Dkt. No. 93); (7) GRANTING the Motion to Dismiss by Hoag Memorial Hospital Presbyterian (Dkt. No. 98); (8) GRANTING the Motion to Dismiss by the Honorable Catherine Coutts and Workers' Compensation Appeals Board (Dkt. No. 105); (9) GRANTING the Motion to Dismiss by the City of Fontana (Dkt. No. 114); (10) GRANTING the Motion to Dismiss by Beverly Radiology Medical Group (Dkt. No. 129); and (11) DISMISSING Plaintiff's Complaint WITHOUT LEAVE TO AMEND (Dkt. No. 1) (IN CHAMBERS)

On February 22, 2017, the Court took the following motions under submission:

- Motion to Dismiss by Baptist Hospital (Dkt. No. 62);
- Motion to Dismiss by Huntington Memorial Hospital (Dkt. No. 65);
- Motion to Dismiss by Jamba Juice Company (Dkt. No. 76);
- Motion to Dismiss by LWP Claim Solutions (Dkt. No. 91);
- Motion to Dismiss by Ropers, Majeski, Kohn & Bentley (Dkt. No. 92);
- Motion to Dismiss by United States Fire Insurance Company (Dkt. No. 93);

- Motion to Dismiss by Hoag Memorial Hospital Presbyterian (Dkt. No. 98);
- Motion to Dismiss by the Honorable Catherine Coutts and Workers' Compensation Appeals Board (Dkt. No. 105);
- Motion to Dismiss by City of Fontana (Dkt. No. 114); and
- Motion to Dismiss by Beverly Radiology Medical Group d/b/a Grove Diagnostics. (Dkt. No. 129.)

After considering all papers submitted in support of and in opposition to the motions, the Court GRANTS each Motion to Dismiss WITHOUT LEAVE TO AMEND.

## I.   BACKGROUND

On September 9, 2016, *pro se* litigant Stevanus Edward ("Plaintiff"), filed a complaint against twenty-nine defendants:

- President Obama;
- Obama Administration;
- FBI Agency;
- National Intelligence;
- NSA Agency;
- Attorney General California;
- Judge Catherine Coutts;
- Police Fontana;
- Worker Compensation Board;
- Doctors David Wood;
- LWP Claim;
- US Fire Insurance;
- Attorney Telleria & Levy;
- Attorney RKMB;
- Arrowhead Hospital;
- Hoag Newport Hospital;
- Baptist Hospital;
- Providence Hospital;
- Huntington Hospital;
- Grove Imaging;
- DMG Imaging;
- DMG;
- Spectrum Imaging;
- Envision (in California, Texas, and Nebraska);
- Jamba Juice;
- Hengky Sualang; and
- Beatrice Sualang.

("Complaint," Dkt. No. 1.)  Plaintiff's Complaint purportedly alleges thirty causes of action:

- Abuse of executive power;
- Abuse of NSA program;
- Abuse power;
- Abuse of public trust;
- Violation of human rights;
- Federal Tort Claim Act;
- Patients' Rights violation;
- Attempted murder;
- Racketeer/Organized Crime Enterprise and RICO;
- Civil Rights violation;
- Attempt and conspiracy;
- Emergency Medical Treatment and Labor Act ("EMTALA");
- Judge misconduct;
- Doctors misconduct
- Attorney misconduct;
- Great bodily injury/harm;
- Criminal threats;
- Criminal negligence;
- Theft/mail theft/grand theft;
- Confidential invasion;

- Radical Terror Act;
- Torture persecution;
- Fourteenth Amendment violation;
- Pattern and practice;
- First Amendment Violations;
- HIPAA violations;
- The Federal Wiretap Act;
- Harassing;
- Abuse worker's comp system; and
- American with Disability Act.

(Id. at 1.)  Plaintiff seeks various forms of relief, including declaratory relief, thirty billion dollars in damages, past and future loss of income, and criminal penalties.  (Id. at 59.)  Pursuant to an Order to Reassign Case, the matter was transferred to this Court on January 10, 2017.  (Dkt. No. 124.)

Since November 21, 2016, eleven defendants have filed motions to dismiss, (Dkt. Nos. 62, 65, 76, 91, 92, 93, 98, 105, 114, 129), some of which Plaintiff has opposed.  (Dkt. Nos. 106, 117, 123, 132, 135, 137, 139, 141, 144, 159.)

## II.    DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted.  As a general matter, the Federal Rules require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).  The Ninth Circuit has clarified that (1) a complaint must "contain

sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

### B. Plaintiff's Allegations

In a sixty-two page Complaint against various federal, state, and private parties, Plaintiff purportedly asserts thirty causes of action which include abuse of executive power, attempted murder, judicial misconduct, abuse NSA program, torture, harassment, and terror.  (Compl. at 1.)  Plaintiff's rambling allegations are mostly unintelligible and outlandish accusations pertaining to implausible grievances involving purported acts of former President Barack Obama, electronic surveillance, medical issues and treatment, personal disputes, religion, and a conspiracy to end his life.  (See generally Id.)

### C. Defendants' Motions to Dismiss

#### 1. Baptist Hospital

Plaintiff's Complaint ostensibly asserts six causes of action against Baptist Hospital: (1) violation of human rights; (2) patient's rights violation, (3) RICO violations; (4) civil rights violation; (5) attempt and conspiracy; and (6) EMTALA.  (Compl. at 35, 36, 38, 39-42.)  Plaintiff alleges Baptist Hospital unreasonably denied him treatment on September 29, 2014, and supports this allegation with the following purported facts: "Abuse NSA Program for targeting Plaintiff to blocked treatment at Hospital;" "Abuse Power to blocked Plaintiff rights for business conspiracy;" and "On January 6, 2014, Findings Occult Blood on Urinalysis Performed."  (Id. at 9.)

On November 21, 2016, Defendant Baptist Hospital filed a Motion to Dismiss Plaintiff's Complaint.  (Dkt. No. 62.)  Baptist Hospital concurrently filed a Request for Judicial Notice ("RJN").[1]  (Dkt. No. 62-1.)  In its motion, Baptist Hospital argues Plaintiff's claims against it are

---

[1] A court may take judicial notice of an adjudicative fact not subject to "reasonable dispute," either because it is "generally known within the territorial jurisdiction of the trial court," or it is capable of accurate and ready determination by resort to sources whose "accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  Judicial notice is appropriate for "materials incorporated into the complaint or matters of public record."  Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).  Proceedings of other courts, including orders and filings, are also the proper subject of judicial notice when directly related to the case.  See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (stating that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at

frivolous and unintelligible, and should be dismissed pursuant to Rule 12(b)(6). (Dkt. No. 62 at 3-4.) Baptist Hospital also argues Plaintiff failed to sufficiently plead facts necessary to support his claims for relief. (Id. at 5-13.)

Plaintiff opposed the motion on December 15, 2016. (Dkt. No. 106.) In his opposition, Plaintiff reiterates portions of his Complaint, alleges additional facts regarding his claims against Baptist Hospital, and addresses portions of an order dismissing a previous case. (Dkt. No. 106 at 2-4.) Plaintiff also appends approximately ninety pages of various internet postings. (Id. Ex. 1-3.) On January 9, 2017, Baptist Hospital filed its reply memorandum. (Dkt. No. 122.)

### 2. Huntington Memorial Hospital

Seven causes of action are asserted against Huntington Memorial Hospital ("Huntington Memorial"): (1) violation of human rights; (2) patient's rights violation; (3) RICO violations; (4) civil rights violation; (5) attempt and conspiracy; (6) EMTALA; and (7) HIPAA violations. (Compl. at 35, 36, 38-42, 54.) The Complaint alleges that on January 30, 2016, Plaintiff was refused treatment at Huntington Memorial and is supported by purported facts regarding the NSA program, Abuse Power, "Doctor Vargas doesn't care about the Law for negligent patients rights," and findings of cartilage injury, kidney cyst, and "[f]indings Occult Blood." (Id. at 9.)

Huntington Memorial filed a Motion to Dismiss Plaintiff's Complaint on November 22, 2016, as well as a RJN.[2] (Dkt. Nos. 65, 66.) Huntington Memorial argues the following in its motion: that it was improperly served; res judicata applies; and Plaintiff fails to state a claim. (Dkt. No. 65 at 4.) Huntington Memorial also argues in the alternative, that the Court order Plaintiff to provide a more definitive statement of his claim. (Id.)

On January 26, 2017, Plaintiff opposed Huntington Memorial's Motion. (Dkt. No. 141.) Plaintiff expands upon the allegations in his Complaint, describing "multiple indicated conspiracies" and similar deaths of veterans. (Id. ¶¶ 9, 11.) Among other things, Plaintiff appends a letter from Huntington Hospital, various internet postings, a customer summary of unknown origin pertaining to his debit card, a Notice of Action regarding Medi-Cal benefits from

---

issue.") Here, Baptist Hospital requests judicial notice of a complaint filed by Plaintiff in a related action previously dismissed by this Court, Stevanus Edward v. President Obama, et al., No. 5:16-cv-01312-JGB (KKx). (Dkt. No. 62-1 Ex. A.) Baptist Hospital also requests judicial notice of this Court's order denying Plaintiff's prior request to proceed *in forma pauperis* and dismissing his complaint. (Id. Ex. B.) Because the documents Baptist Hospital requests the Court take judicial notice of are proceedings of this Court, they are not proper subjects for judicial notice. Therefore, the Court DENIES Baptist Hospital's RJN.

[2] Huntington Memorial also requests the Court take judicial notice of Plaintiff's previous complaint, as well as this Court's order denying his request to proceed *in forma pauperis* and dismissing his complaint. (Dkt. No. 66 Ex. 1, 2.) The Court DENIES Huntington Memorial's RJN because the documents are from proceedings of this Court, and thus are not proper subjects for judicial notice.

San Bernardino County, and an email from the Disability Insurance Branch of the Employment Development Department.  (Id. Ex. A1-A4.)  Huntington Memorial filed its reply memorandum on February 13, 2017.  (Dkt. No. 151.)

### 3. Jamba Juice Company

Plaintiff purportedly alleges four claims against Jamba Juice Company ("Jamba Juice"): (1) attempted murder; (2) RICO violation; (3) attempt and conspiracy; and (4) great bodily injury/harm.  (Compl. at 37-38, 41-42, 46.)  Plaintiff claims on May 18, 2014, he found a piece of broken glass inside his drink.  (Id. at 11.)  He also claims the NSA Program targeted him and that "federal agents use the NSA Surveillance for business conspiracy Government official."  (Id.)

Jamba Juice filed a Motion to Dismiss and RJN[3] on December 1, 2016.  (Dkt. Nos. 76-78.)  Jamba Juice contends Plaintiff's Complaint should be dismissed for invalid service and because his claims are patently frivolous, unintelligible, and meritless.  (Dkt. No. 77.)  Plaintiff did not oppose Jamba Juice's motion.

### 4. LWP Claim Solutions

Plaintiff sues LWP Claim Solutions ("LWP") for twenty-two purported causes of action, including abuse of the NSA program, violation of human rights, Federal Tort Claim Act, patients' rights violation, attempted murder, civil rights violation, and First Amendment violations.  (Compl. at 31, 35-42, 44-50, 53-55, 57-58.)

On December 8, 2016, LWP filed a Motion to Dismiss and a RJN.[4]  (Dkt. No. 91, 95.)  In its motion, LWP describes three previous suits against it by Plaintiff and argues Plaintiff's meritless claims cannot be revived by filing a new suit.  (Id. at 1-3.)  LWP also argues the Court should

---

[3] Jamba Juice seeks judicial notice of the same documents as Baptist Hospital and Huntington Memorial.  (Dkt. No. 78, Ex. 1-2.)  Therefore, the Court DENIES Jamba's Juice's RJN.

[4] LWP, Ropers, and USFI jointly filed a RJN.  (Dkt. No. 95.)  They seek judicial notice of nine documents.  The first three documents include the First Amended Complaint, USFI and LWP Claims' Demurrer to First Amended Complaint, and the Order sustaining USFI and LWP's demurrer in Edward v. LWP Claims Solutions, Inc., CIV DS 1516966.  Because these documents are matters of public record in a related case, the Court GRANTS the parties' RJN as to the first three documents.  The sixth, seventh, and eighth documents include the complaint, demurrer, and judgment in another case filed by Plaintiff against the parties in Riverside County Superior Court, Edward v. LWP Claim Solutions, Inc., RIC 1608069.  Because these documents are also public records in a related case, the Court GRANTS the RJN as to these documents.  However, the Court DENIES the RJN as to the fourth, fifth, and ninth documents as they are the complaint and order from Plaintiff's earlier case before this Court, as well as the Complaint from the present case, and they are not proper subjects of judicial notice.

dismiss Plaintiff's claims because they are meaningless and unintelligible such that it is unable to respond, and some of Plaintiff's claims are for purported violations of statutes that do not provide a private cause of action.  (Id. at 3.)

Plaintiff filed his opposition to LWP's motion on January 12, 2017.  (Dkt. No. 132.)  Plaintiff argues that LWP has blocked medical treatment and threatened his primary doctors.  (Id. at 2.)  Plaintiff also provides a list of more than fifty exhibits, attached to his opposition in six parts.  (Id. at 3-7, Attach. 1-6.)  LWP replied on February 10, 2017.  (Dkt. No. 146.)

### 5. Ropers, Majeski, Kohn & Bentley

The Complaint ostensibly asserts two causes of action against Ropers, Majeski, Kohn, & Bentley ("Ropers"), erroneously sued as RMKB: (1) RICO, and (2) attempt and conspiracy.  (Compl. at 38, 41-42.)  On December 8, 2016, Roper filed a Motion to Dismiss and a RJN.[5]  (Dkt. Nos. 92, 95.)  Following Plaintiff's failure to timely oppose Roper's motion, Roper filed a Notice of Non-Receipt of Opposition in Lieu of Reply Memorandum on February 10, 2017.  (Dkt. No. 147.)

### 6. United States Fire Insurance Company

Plaintiff sues United States Fire Insurance Company ("USFI") for more than twenty purported causes of action including abuse NSA program, violation of human rights, Federal Tort Claim Act, patients' rights violation, attempted murder, civil rights violation, and First Amendment violations.  (Compl. at 31, 35-42, 44-48, 49-50, 53-55, 57-58.)

USFI filed a Motion to Dismiss and RJN[6] on December 8, 2016.  (Dkt. No. 93, 95.)  In its motion, USFI describes three prior suits against it by Plaintiff.  (Id. at 1-3.)  USFI contends Plaintiff's meritless claims cannot be revived by re-filing suit, and argues the Court should dismiss Plaintiff's claims because (1) they are meaningless and unintelligible such that it is unable to respond, and (2) some of Plaintiff's claims are for purported violations of statutes that do not provide a private cause of action.  (Id. at 3.)  Plaintiff opposed USFI's motion on January 12, 2017.[7]  (Dkt. No. 132.)  USFI replied on February 10, 2017.  (Dkt. No. 148.)

---

[5] This RJN was filed jointly by LWP, Ropers, and USFI.  (Dkt. No. 95.)  See n.4 for the Court's discussion.

[6] This RJN was filed jointly by LWP, Ropers, and USFI.  (Dkt. No. 95.)  See n.4 for the Court's discussion.

[7] Plaintiff opposed LWP and USFI's motion in one memorandum of opposition filed on January 12, 2017.  (Dkt. No. 132.)

### 7. Hoag Memorial Hospital Presbyterian

Plaintiff ostensibly alleges five causes of action against Hoag Memorial Hospital Presbyterian ("Hoag Memorial"): (1) violation of human rights; (2) RICO violations; (3) civil rights violation; (4) attempt and conspiracy; and (5) EMTALA. (Compl. at 35, 38-42.) The Complaint alleges that on May 11, 2014, Hoag Memorial refused to treat Plaintiff and referred him to "unknown 'Neorology.'" (Id. at 9.)

Hoag Memorial filed a Motion to Dismiss and RJN[8] on December 9, 2016. (Dkt. No. 98.) Hoag Memorial argues Plaintiff's Complaint should be dismissed pursuant to res judicata, and because it is frivolous, contains unintelligible allegations, and fails to allege sufficient facts to support his claims. (Compl. at 2-10.)

Plaintiff opposed Hoag Memorial's Motion on January 18, 2017. (Dkt. No. 135.) In his opposition, Plaintiff asserts that "in the complaint [he has] already explained everything about all violations against defendant[]." (Id. ¶ 6.) He also attaches two exhibits that include a bill from Hoag Memorial as well as two internet articles. (Id. Ex. A1-A2.) On February 10, 2017, Hoag Memorial filed a reply memorandum. (Dkt. No. 149.)

### 8. Judge Catherine Coutts and the Workers' Compensation Appeals Board

Plaintiff purportedly asserts fifteen claims against Judge Catherine Coutts, (Compl. at 32-35, 38-43, 47, 50-51, 55, 57-58), and eighteen claims against the Workers' Compensation Appeals Board (the "WCAB"). (Compl. at 32, 36-42, 46-47, 49-51, 53-55, 57-58.) Allegations against Judge Coutts include, among other things, that she made threats against his medical doctors and "doesn't care about the law." (Id. ¶ 117.) As to the WCAB, Plaintiff alleges WCAB ignored Plaintiff's "help request against radical insurance" and violated his rights "by conspiring to give violation letter without a good reason." (Compl. at 24, 303.)

On December 15, 2016, Judge Coutts and the WCAB filed a Motion to Dismiss Plaintiff's Complaint for lack of jurisdiction and failure to state a claim. (Dkt. No. 105.) Judge Coutts and the WCAB also concurrently filed a RJN.[9] (Id. Attach. 2.) In their motion, Judge Coutts and the WCAB argue Plaintiff's Complaint does not raise a federal question and fails to allege any facts

---

[8] Hoag Memorial also seeks judicial notice of the same documents as Baptist Hospital, Huntington Memorial, Jamba Juice, LWP, Ropers, and USFI. (Dkt. No. 98-1 Ex. A-B.) Therefore, the Court DENIES Hoag Memorial's RJN.

[9] Judge Coutts and WCAB requests the Court take judicial notice of one document titled, Stipulations with Request for Award, as completed by Plaintiff in his case before the WCAB and Judge Coutts. (Dkt. No. 105-2 Ex. A.) Because the Court may take judicial notice of records of administrative agencies, the Court GRANTS the RJN. Mack v. South Bay Beer Distrib., 798 F. 2d 1279, 1282 (9th Cir. 1992) (taking judicial notice of records of the California Unemployment Insurance Appeals Board) *abrogated on other grounds by* Astoria Federal Sav. And Loan Ass'n v. Solimino, 501 U.S. 104 (1991).

showing that they have violated any of his rights under federal law. (Id. at 10-12.) Judge Coutts and the WCAB also argue the Court lacks subject matter jurisdiction pursuant to the Rooker-Feldman Doctrine and the Eleventh Amendment. (Id. at 12-13.)

Plaintiff opposed on January 3, 2017. (Dkt. No. 117.) Plaintiff describes and attaches twenty exhibits regarding his resolved workers compensation case, abuse of the NSA program, and other negligence he alleges against Judge Coutts and the WCAB. (Id. at 3-6.) Plaintiff also contends the criminal acts alleged would not have happened but for a "radicals president" and "corrupt government" that supports "ISIS ("Intelligence Satanics Ideology Satan") or ISIL ("Intelligence Satanics Ideology Lucifer")." (Id. at 6.) Judge Coutts and the WCAB filed their reply memorandum on January 9, 2017. (Dkt. No. 121.) Plaintiff filed a second opposition on January 18, 2017. (Dkt. No. 139.)

### 9. City of Fontana

The Complaint purportedly asserts six causes of action against the City of Fontana, erroneously sued as Fontana Police: (1) abuse of power; (2) RICO violations; (3) civil rights violation; (4) attempt and conspiracy; (5) Fourteenth Amendment violation; and (6) pattern and practice. (Compl. at 32, 38-42, 51-52.)

The City of Fontana filed a Motion to Dismiss on December 22, 2016. (Dkt. No. 114.) The City of Fontana seeks dismissal of Plaintiff's Complaint for insufficient service of process and for failure to state a claim, or in the alternative seeks a more definite statement. (Id. at 2-3.) On January 9, 2017, the City of Fontana filed a Notice of Non-Opposition by Plaintiff. (Dkt. No. 123.) Then, on January 18, 2017, Plaintiff filed an Objection to the City's Motion to Dismiss, to which the City of Fontana replied on February 13, 2017. (Dkt. Nos. 137, 150.)

### 10. Beverly Radiology Medical Group d/b/a/ Grove Diagnostics

Plaintiff purportedly makes five claims against Grove Diagnostics, erroneously sued as Grove Imaging: (1) Federal Tort Claim Act; (2) RICO violations; (3) attempt and conspiracy; (4) great bodily injury/harm; and (5) HIPAA violations. (Compl. at 36, 38, 41-42, 46, 54.) Plaintiff alleges a CT scan he received on September 21, 2012, was "fraud." (Compl. at 7.)

Grove Diagnostics filed a Motion to Dismiss, as well as a RJN,[10] on January 12, 2017. (Dkt. Nos. 129, 130.) Following Plaintiff's failure to timely oppose, Grove Diagnostics filed a Notice of Non-Opposition on February 14, 2017. (Dkt. No. 153.)

---

[10] Grove Diagnostics seeks judicial notice of the same documents as Baptist Hospital, Huntington Memorial, Jamba Juice, LWP, Ropers, USFI, and Hoag Memorial. (Dkt. No. 98-1 Ex. A-B.) The Court thus DENIES Grove Diagnostic's RJN.

### D. Analysis

Allegations of a *pro se* complaint are held to a less stringent pleading standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). However, even applying this standard, Plaintiff's claims fail to survive the instant motions to dismiss.

Here, Plaintiff's farfetched allegations are insufficient to support his claims against each of the moving defendants. Due to the incoherent nature of the Complaint, it is impossible for the Court—or any of the parties—to determine the basis of liability for the multiple causes of action asserted. Plaintiff makes no reasonable allegations as to the moving defendants. Rather, Plaintiff makes fantastic factual assertions and conclusory legal allegations, which are implausible and fail to give rise to any relief. For these reasons, the Court GRANTS the present motions to dismiss.

### E. Leave to Amend

If a Rule 12(b)(6) motion is granted, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted). Given the nature of Plaintiff's claims, as well as the additional materials filed as part of his oppositions to the present motions, the Court finds that granting additional leave would be futile because the defects of Plaintiff's Complaint cannot be cured.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss and DISMISSES Plaintiff's Complaint WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**